**SHI GUO ZHANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,[1] Respondent.**

**No. 08–5529–ag.**

United States Court of Appeals, Second Circuit.

July 1, 2009.

Weishan Wang, Capital Law Group, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Jason Wisecup, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER and Hon. JOSEPH M. McLAUGHLIN, Circuit Judges.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

## SUMMARY ORDER

Petitioner Shi Guo Zhang, a native and citizen of the People's Republic of China, seeks review of an October 27, 2008 order of the BIA affirming the September 12, 2007 decision of Immigration Judge ("IJ") George T. Chew denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shi Guo Zhang*, No. A 99 928 025 (B.I.A. Oct. 27, 2008), *aff'g* No. A 99 928 025 (Immig. Ct. N.Y. City Sept. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

As an initial matter, because Petitioner failed to challenge before the BIA or before this Court the IJ's denial of his CAT claim, we deem any such argument abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007).

■ Substantial evidence supports the agency's denial of Petitioner's asylum and withholding of removal claims. Petitioner argues that he suffered "profound mental anguish" over the loss of his unborn child after his wife's abortion. However, Petitioner cannot establish past persecution based upon his wife's forced abortion, *see Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309–10 (2d Cir.2007) (en banc), and the emotional or psychological harm Petitioner suffered because of his wife's abortion does not in itself constitute perse-cution of Petitioner, *see Jiang v. Gonzales*, 500 F.3d 137, 141–43 (2d Cir.2007) (finding no past persecution where forced abortion resulted in illness and diminished health to petitioner's mother, imposing "anguish ... and ... economic loss" to him).

■ Petitioner concedes that mental suffering does not constitute harm so severe as to rise to the level of persecution, but argues that the cumulative effect of the "mental anguish," the fine the government imposed on him, and the threat of sterilization constituted past persecution and gave rise to a well-founded fear of future persecution. This argument is unavailing. Petitioner presented no evidence that imposition of the 3,000 RMB fine was "severe" or would "constitute a threat to [his] life or freedom." *See Matter of T-Z-*, 24 I. & N. Dec. 163, 169, 172 (B.I.A. 2007). In addition, his fear that he may be imprisoned for failing to pay the fine is too speculative to merit relief where he has presented no evidence that Chinese authorities are still seeking payment of the fine. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005). Moreover, the threat of sterilization is also unsupported by evidence and thus speculative. *See Shi Liang Lin*, 494 F.3d at 314–15. Therefore, we cannot find, contrary to the agency, that evidence in the record demonstrates past persecution or an objectively well-founded fear of future persecution. *See* 8 U.S.C. § 1101(a)(42); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Accordingly, the agency did not err in denying Petitioner's asylum claim.

Because the agency properly found that Petitioner failed to show the objective likelihood of persecution needed to support an asylum claim, it also properly found him unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).